UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY RICHMOND,<br><br>Defendant. | 4:24-CR-40005-01-KES<br><br>ORDER DENYING MOTION TO DISMISS, DENYING MOTION FOR GRAND JURY TRANSCRIPT, AND GRANTING MOTION FOR ARRAIGNMENT TRANSCRIPT |

Defendant, Courtney Richmond, moves to dismiss the indictment filed against him because he claims that he was not given a copy of the indictment at his arraignment. Docket 75. The government opposes the motion. Docket 94. Richmond subsequently filed a reply brief. Docket 97. The court issues the following order.

**BACKGROUND**

Richmond was indicted on January 4, 2024. Docket 1. The Indictment charges Richmond and his co-defendant, Anthony Nguyen, with one count of Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at 1. The Indictment also includes a forfeiture allegation, stating that upon conviction Richmond shall forfeit to the United States "any money, firearms and ammunition involved in the commission of the

offense." *Id*. at 2. That same day, a warrant was issued for Richmond's arrest. Docket 4.

Richmond made his initial appearance and was arraigned on January 9, 2024—four days after the Indictment was filed. Docket 12. At the hearing, Magistrate Judge Duffy explained that the purpose of the hearing was "for the government to tell [Richmond] in open court what the crime is of that they're accusing [Richmond] of having committed and also tell [Richmond] what the maximum penalty for that crime is." Docket 78 at 2. Magistrate Judge Duffy also informed Richmond that the hearing would provide an opportunity for the court to explain Richmond's rights to him. *Id*. at 3. Richmond was told that if he had any questions, he was free to stop Magistrate Judge Duffy at any time and ask. *Id*.

Next, Magistrate Judge Duffy asked Richmond his age and level of education. *Id*. After receiving his responses, Magistrate Judge Duffy confirmed that he could "read, write, and understand English." *Id*. Richmond was then asked, "Do you have a copy of the Indictment, sir?" *Id*. Richmond responded, "Yes, Your Honor." *Id*. At that point, Magistrate Judge Duffy asked the government attorney to "read the Indictment out loud to [Richmond]." *Id*. She stated that if Richmond would "like to follow along on [his] copy, [he was] welcome to do so." *Id*.

The government's attorney read the Indictment in its entirety to Richmond. *Id* at 4. Specifically, the government's attorney stated:

> The Grand Jury charges: Beginning on a date unknown and continuing until on or about the date of this indictment, in the District of South Dakota and elsewhere, Defendants, Courtney Richmond, and redacted, did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute 50 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§841(a)(1) and 846.

*Id.* The government's attorney also read the forfeiture allegation into the record and recited the maximum penalties Richmond would face if he was convicted— a minimum of 5 years up to 40 years in prison, a $5 million fine, or both fine and imprisonment, at least 4 years of supervised release up to life, up to 3 years of imprisonment upon revocation of supervised release, a $100 special assessment to the victim's assistance fund, and the possibility of restitution. *Id.* at 4-5.

Magistrate Judge Duffy then asked, "Mr. Richmond, do you have any questions about the charge you're facing or the maximum penalty for that charge?" *Id.* at 5. Richmond responded, "No, Your Honor." *Id.*

Thereafter, Magistrate Judge Duffy advised Richmond of his right to counsel, his right to remain silent, his right to trial, and his right to receive discovery from the government. *Id.* at 5-11. Magistrate Judge Duffy also ordered the government, pursuant to *Brady v. Maryland*, to supply Richmond with all exculpatory evidence. *Id.* at 11; Docket 12. Ultimately, Magistrate Judge Duffy entered a not guilty plea on Richmond's behalf. *Id.* And at the completion of the hearing, the court issued a scheduling and case management order setting Richmond's case for trial. Docket 16.

Richmond now moves to dismiss the Indictment, arguing that the government failed to properly inform him of the charge against him, in violation of Federal Rule of Criminal Procedure 10. *See generally* Docket 75; Docket 97 at 3. Richmond argues that he did not receive a copy of the Indictment or complaint against him until 11 months after his initial appearance. Docket 75 at 2. Richmond maintains that he was not aware that he was charged with conspiracy, and instead, believed for several months that he was charged only with possession. *Id.* at 3; Docket 97 at 4. As a result, Richmond states that his speedy trial and due process rights have been violated because he was unable to properly prepare his defense. Docket 75 at 2-3; Docket 97 at 7. Richmond also moves for copies of the transcripts from the grand jury proceeding and his initial appearance and arraignment. Docket 75 at 2; Docket 97 at 2, 6.

The government opposes Richmond's motion and asserts that it properly informed Richmond that he was charged with Conspiracy to Distribute a Controlled Substance, and points to the transcript from Richmond's initial appearance to support its claim. Docket 94.

## DISCUSSION

**I.   Motion to Dismiss**

Federal Rule of Criminal Procedure 10(a) provides:

> An arraignment must be conducted in open court and must consist of: (1) insuring that the defendant has a copy of the indictment or information; (2) reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then (3) asking the defendant to plead to the indictment or information.

4

Fed. R. Crim. P. 10(a). Rule 10 functions as a safeguard to ensure a defendant is afforded due process. *United States v. Montgomery*, 2011 WL 976555, at *4 (W.D. Mo. Feb. 22, 2011), *report and recommendation adopted*, 2011 WL 941336 (W.D. Mo. Mar. 17, 2011); *United States v. Hobbs*, 2012 WL 2426905, at *5 (E.D. Mo. June 27, 2012).

Richmond claims that he was not afforded a proper Rule 10 arraignment because he did not get a copy of the Indictment nor was he informed of the charge against him at his arraignment. Docket 75 at 1-2. The record directly contradicts Richmond's claims. *See* Docket 78. As noted above, Richmond was provided a copy of the Indictment, he confirmed to the court that he had a copy, and the government's attorney read the charge and forfeiture allegation articulated in the Indictment aloud. *Id.* at 3-5. Richmond was also informed of the penalties he would face upon conviction and confirmed with the court that he understood both the charge against him and the penalties to which he could be subject. *Id.* at 5.

Thus, the court rejects Richmond's contention that he was not appropriately informed of the charges against him. The court similarly dismisses Richmond's argument that he was not properly served a copy of the relevant complaint because there is no complaint in this case. In the interest of ensuring Richmond is fully informed of the events that occurred during his initial appearance and arraignment, the court grants Richmond's motion to receive a copy of the transcript at Docket 78.

5

## II.     Motion for Grand Jury Transcript

Richmond also requests a copy of the grand jury transcript. Docket 75 at 2; Docket 97 at 6. Grand jury proceedings are secret. Fed. R. Crim. P. 6(e)(2). "The court may authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

"A defendant seeking disclosure of grand jury materials bears the burden of presenting a 'strong showing of particularized need' for these materials." *United States v. Dortch*, 2018 WL 4639137, at *1 (D. Neb. Sept. 27, 2018) (quoting *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983)); *see also United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of particularized need is necessary before the court will accede to" the release of grand jury transcripts.) (citations omitted). "A party demonstrates particularized need where: (1) the material is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only the material needed." *Dortch*, 2018 WL 4639137, at *1 (citing *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 223 (1979)). "The decision is left to the sound discretion of the trial judge." *Broyles*, 37 F.3d at 1318 (citation omitted).

Richmond has not shown a particularized need for the grand jury transcript. In fact, Richmond has not articulated any need for the transcript—

6

he merely requests it without any reasoning. *See* Docket 75 at 2; Docket 97 at 6. "[A] bare allegation that the records [of a grand jury] are necessary . . . does not satisfy the particularized need' requirement." *Broyles*, 37 F.3d at 1318 (internal quotation marks omitted). Additionally, the government assured Richmond and the court that it would turn over the grand jury transcripts "if and when it becomes necessary to do so." Docket 94 at 3.[1] Thus, the court denies the motion. *See Dortch*, 2018 WL 4639137, at *1 (denying motion for grand jury transcript where defendant asserted he needed it "for the defendant's defense purposes"); *United States v. Okeayainneh*, 2017 WL 1411482, at *2 (D. Minn. Apr. 20, 2017), *aff'd,* 2017 WL 5256240 (8th Cir. Sept. 28, 2017) (denying motion for grand jury transcript where defendant failed to show the indictment may be dismissed because of a matter that occurred before the grand jury, a particularized need, or a possible injustice).

## CONCLUSION

Based on the foregoing, it is

---

[1] Richmond also requests *Brady* evidence from the government in his reply brief. Docket 97 at 7. The court has already ordered the government to turn over such evidence and therefore need not address this issue here. *See* Docket 78 at 10 (Magistrate Judge Duffy ordering the government to supply all *Brady* evidence to Richmond). In its brief, the government also indicated it will comply with its Jencks Act obligations. Docket 94 at 3; *see also United States v. Walker,* 2018 WL 10140127, at *2 (E.D. Pa. Feb. 5, 2018) (denying defendant's discovery motions in light of the "[g]overnment's assertions of what it has turned over and what it will continue to turn over as necessary and at the appropriate time").

ORDERED that defendant's motion to dismiss the Indictment (Docket 75) is DENIED. It is

FURTHER ORDERED that defendant's motion for the transcript of his initial appearance and arraignment hearing is GRANTED. It is

FURTHER ORDERED that defendant's motion for the grand jury transcript is DENIED.

Dated December 9, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE